## 53981. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. CANADY.

BELL, Chief Judge.
This is a suit brought by the executrix of the will of Mrs. Lucille Holt to recover medical and burial expenses and death benefits under the automobile policy issued by defendant to the decedent. A jury returned a verdict for $11,014.30, $3,014.40 due for medical and funeral

expenses and $8,000 due under the death benefit provision. A judgment was entered for this amount and defendant appeals. *Held:*

1. Coverage P of the policy provided: "The company will pay Personal Injury Protection benefits, in accordance with the Georgia Motor Vehicle Accident Reparations Act of 1974 and all acts amendatory or supplementary thereto, for: (a) medical expenses... (d) funeral services and burial expenses,... incurred with respect to bodily injury sustained by an eligible injured person and caused by an accident arising out of the operation, maintenance or use of a motor vehicle as a vehicle." Section 2 (c) of the Georgia Motor Vehicle Accident Reparations Act of 1974 provides the following definition of accidental bodily injury: "(c) 'Accidental bodily injury' means bodily injury, sickness or disease, including death at any time resulting therefrom, arising out of the operation, maintenance or use of a motor vehicle which is accidental as to the person claiming basic no-fault benefits as provided by Section 3. Bodily injury is accidental as to the claimant unless sustained intentionally by the person injured or caused intentionally by the claimant." Ga. L. 1974, pp. 113, 114 (Code Ann. § 56-3402b (c)). There was no dispute as to the amounts claimed for medical and burial expenses. In its answer defendant admitted that the deceased was involved in a single car accident in which she was the driver. In addition, there was evidence at trial which would authorize the jury to find that the deceased insured, Mrs. Holt, age 70, on April 10, 1976, encountered her pastor and she appeared to him to be in good health; that she then departed in her car; and that she was found shortly thereafter in her car unconscious and injured after it had struck a telephone guy wire and a metal post. She died the following day. There was no evidence of an intentional infliction of injury. Therefore, the evidence authorized the verdict for medical and burial and funeral expenses.

2. The death benefits provision of the policy provided: "Coverage S—Death Indemnity. . . To pay the amount stated as applicable [$8,000] to the insured. . . in event of the death which shall result directly and

independently of all other causes from bodily injury caused by accident and sustained by the insured while occupying or through being struck by an automobile,..." The policy also excluded death caused by or resulting from disease. After Mrs. Holt was found in the car, she was taken to the local hospital where her personal physician administered treatment for severe, internal head injuries and bruises about her face. After administering stabilizing treatment, she was transferred to a hospital in Augusta where she died the following day. Her death certificate signed by an attending physician, who did not appear at trial as a witness, recited as the cause of death a cerebral infarction due to cerebral vascular disease. This death certificate and the entry therein as to cause of death form the basis for defendant's contention that the trial court erred in denying its motion for directed verdict and in entering a judgment for plaintiff as to the death benefits part of this claim. The death certificate, standing alone, was prima facie evidence of the facts therein stated, but that prima facie showing is rebuttable and whether it was rebutted is generally a jury question. *Allstate Ins. Co. v. Holcombe,* 132 Ga. App. 111 (207 SE2d 537). There was evidence that the insured was in good health for her age and her own physician, who examined her shortly after the collision and who noted that she suffered severe head injuries, testified that in his opinion these injuries were sufficient to have caused the cerebral infarction. This proof authorized the jury to find that her death was caused by bodily injury caused by accident and independent of all other causes and not caused by "disease." Defendant's citations to other cases do not require a contrary result as all are distinguishable on their facts.

*Judgment affirmed. Smith and Shulman, JJ., concur.*

ARGUED MAY 23, 1977 — DECIDED SEPTEMBER 7, 1977 —
REHEARING DENIED OCTOBER 18, 1977 —

*Burnside, Dye, Miller & Bowen, A. Montague Miller, Sidney B. Shepherd, Sr.,* for appellant.

*Rountree & Cadle, W. E. Rountree, Jerry N. Cadle,* for appellee.